THE PEOPLE OF THE STATE OF NEW YORK ex rel. BEATRICE LISS, Respondent, v. SUPERINTENDENT OF WOMEN'S PRISON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order sustaining writ of habeas corpus and discharging relator from custody reversed on the law, writ dismissed and relator remanded to the custody of the Warden of the City Prison of the City of New York, Borough of Brooklyn. Relator was convicted in the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], on February 2, 1939, and remanded for sentence. Thereupon she was produced before the Supreme Court on the present writ and there established, as set forth in her petition, that on December 6, 1938, in the United States District Court, for the Eastern District of New York, an indictment was returned against her and her husband, Moe Liss, which contained two counts, one charging a violation of title 21, sections 173 and 174, of the United States Code, and the other of violation of title 26, sections 1043 and 1043-a, of the same Code; that the trial of that indictment took place December · 22 and December 23, 1938, and resulted in a verdict of acquittal of the relator and of guilty as to her codefendant, her husband, Moe Liss. Her petition further alleged that the proof offered on the trial of the indictment in the District Court was the same proof upon which relator was convicted by the Court of Special Sessions, and that by reason of her acquittal in the District Court she had been placed in double jeopardy, and that the Court of Special

Sessions was without jurisdiction when it placed her on trial and convicted her. That court had sufficient jurisdiction. (*People ex rel. Scharff* v. *Frost*, 198 N. Y. 110, 115.) The plea of former jeopardy was not available to the respondent under the writ of habeas corpus in the circumstances of this case. She was entitled in the Court of Special Sessions to plead the former acquittal in bar if it was on the merits (Code Crim. Proc. § 332, subd. 3; *People* v. *Smith*, 172 N. Y. 210, 227; *People* v. *Goodwin*, 18 Johns. 187; and see *People ex rel. Stabile* v. *Warden*, 202 N. Y. 138, 151), and upon conviction her remedy was by appeal from the judgment. The functions of such an appeal may not be performed by the writ. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *People ex rel. Scharff* v. *Frost, supra.*) As the relator has thus mistaken her remedy, it is not necessary upon this appeal to pass upon the question of her alleged former jeopardy. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.