THE PEOPLE OF THE STATE OF NEW YORK ex rel. BEATRICE
  LISS, Appellant, against SUPERINTENDENT OF WOMEN'S
  PRISON et al., Respondents.

Argued January 15, 1940; decided March 5, 1940.

*Joseph A. Solovei* and *Harold H. Corbin* for appellant. Relator having been tried and convicted of an offense of which she had been previously acquitted, may raise the issue of her second unlawful jeopardy by resort to habeas corpus before sentence. (*People* v. *Spitzer,* 148 Misc. Rep. 97; *Clawans* v. *Rives,* 104 Fed. Rep. [2d] 240; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Jannicky* v. *Warden,* 231 App. Div. 131; *People ex rel. Pulko* v. *Murphy,* 244 App. Div. 382; *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467; *Matter of Nielson,* 131 U. S. 176; *Johnson* v. *Zerbst,* 304 U. S. 458; *Bowen* v. *Johnston,* 306 U. S. 19; *Matter of Bonner,* 151 U. S. 242; *People ex rel. Meyer* v. *Warden,* 269 N. Y. 426; *People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *People ex rel. Brinkman* v. *Barr,* 248 N. Y. 126.) The acquittal of relator in the Federal court divested the State court of jurisdiction to try her upon the same facts. (*People ex rel. Kwiatkowski* v. *Trenkle,* 169 Misc. Rep. 687; *People* v. *McGowan,* 17 Wend. 386; *People* v. *Allen,* 1 Parker Crim. Rep. 445; *People* v. *Peck,* 4 N. Y. Crim. Rep. 148; *Lohman* v. *People,* 1 N. Y. 379; *People* v. *Grzesczak,* 77 Misc. Rep. 202; *People* v. *Cryan,* 123 Misc. Rep. 358; *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467; *People* v. *Spitzer,* 148 Misc. Rep. 97.)

*William F. X. Geoghan, District Attorney (Henry J. Walsh* of counsel), for respondents. The plea of former jeopardy was not available to the relator under the writ of habeas corpus. (*People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *People ex rel. Collins* v. *McLaughlin,* 194 N. Y. 556; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Brinkman* v. *Barr,* 248 N. Y. 126; *People ex rel. Meyer* v. *Warden,* 269 N. Y. 426.)

LOUGHRAN, J. This is a habeas corpus proceeding brought to procure the release of the relator-appellant from the custody of the respondent, as warden of a house for the detention of women. The case is stated in a stipulation submitted by the parties in substitution of the minutes of the hearing.

This stipulation first recites: " That on December 6, 1938, an indictment was returned by the grand jury for the Eastern District of New York against Beatrice Liss [the relator] and another, which charged a violation of Title 21, United States Code, Sections 173, 174 and Title 26, United States Code, Sections 1040 and 1043-A, which said indictment resulted from a discovery by police officers of the Police Department of the City of New York on December 3, 1938, in the home of said relator, at No. 716 Ocean Parkway, in the Borough of Brooklyn, City and State of New York, of a quantity of narcotics, to wit: morphine. The trial of said indictment was held in the United States District Court for the Eastern District of New York, before Hon. Grover M. Moscowitz, United States District Judge and a jury, on December 22nd and 23rd, 1938, and resulted in a verdict of acquittal as to the relator."

The Federal indictment so described was found against the relator and her husband. It is stipulated that in respect of the husband the Federal court charged the jury as follows: " All you have to consider is count one so far as he is concerned. As I have read to you, the possession of narcotics shall be deemed sufficient evidence to authorize a conviction unless the defendant explains the possession to the satisfaction of the jury. He has got to explain, it seems to me, a lawful purchase or possession of that drug. However, that is for you to say upon this evidence." It is stipulated that the Federal court said to the jury respecting the relator: " This defendant, Beatrice Liss, lived with him, with knowledge that her husband had these narcotics there. Was she aiding or abetting or assisting him? That is for you to say upon the testimony and the testimony alone." Thus it appears that the basis to the prosecution of

the relator in the Federal court was her alleged possession of a quantity of morphine contrary to the Federal narcotic laws. (See U. S. Code, tit. 21, § 174.)

The stipulation further shows these facts: " An information was filed against said Beatrice Liss, relator-respondent herein, in the Court of Special Sessions of the City of New York, County of Kings, which charged a violation of Public Health Law, section 422, said information having been based upon the possession of the identical narcotics found at the home of said relator, at No. 716 Ocean Parkway, Brooklyn, New York, on December 3, 1938, as set forth in the indictment tried before United States District Judge Moscowitz and a jury on December 22nd and 23rd, 1938 * * *. Substantially the same testimony was offered by the prosecution at the trial of said information in the Court of Special Sessions, County of Kings, as was relied upon by the government at the trial of the indictment in the United States District Court for the Eastern District of New York."

By section 422 of the Public Health Law (Cons. Laws, ch. 45) the unauthorized possession of any narcotic drug is made unlawful. Punishment therefor is prescribed by the Penal Law. (Public Health Law, § 444; Penal Law, §§ 1751, 1751-a.) The pertinent sections of the Public Health Law are parts of article 22 thereof, the " Uniform Narcotic Drug Act."

Before she was sentenced by the Court of Special Sessions the relator instituted this habeas corpus proceeding. The writ was sustained by the Supreme Court at Special Term and dismissed at the Appellate Division. We now review the order of the Appellate Division on this appeal by the relator.

" No person shall be subject to be twice put in jeopardy for the same offense." (N. Y. Const. art. 1, § 6.) This constitutional guaranty is invoked by the relator in opposition to the present prosecution against her in this State for what she asserts is the same *offense* of which she was acquitted in the Federal court. She is wrong in that position. A single act which violates both Federal and

State criminal laws is generally held to result in distinct offenses against the two separated governments. " Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other. It follows that an act denounced as a crime by both national and State sovereignties is an offense against the peace and dignity of both and may be punished by each." (TAFT, Ch. J., in *United States* v. *Lanza,* 260 U. S. 377, 382. See 1 Bishop on Criminal Law [9th ed.], § 987; 2 Freeman on Judgments [5th ed.], § 652; 2 Willoughby on the Constitutional Law of the United States [2d ed.], § 706; 1 Cooley on Constitutional Limitations [8th ed.], p. 686. Cf. *Puerto Rico* v. *Shell Co.,* 302 U. S. 253, 264, 265.)

The relator also contends, however, that the present prosecution against her is outlawed by the very statute which the People say she transgressed. In this contention we think she is right.

The charge made against her by the People was that she possessed the morphine contrary to article 22 of the Public Health Law. Section 445 of article 22 reads as follows: " No person shall be prosecuted for a violation of any provision of this article if such person has been acquitted or convicted under the federal narcotic laws of the same act or omission which, it is alleged, constitutes a violation of this article." The *act* of which the relator had been acquitted in the Federal court (possession of the morphine) was the self-same act for which she was put on trial again in the Court of Special Sessions. There was no power in the Court of Special Sessions so to proceed in the premises. When the Federal court found the relator not guilty of possession of the morphine, that alleged act was no longer ground for even the initiation of a criminal prosecution against her for violation of article 22 of the Public Health Law. This was the manifest effect of section 445 of that article. (Cf. Penal Law, § 33; Code Crim. Proc. § 139.)

Since the want of jurisdiction of the Court of Special Sessions was apparent upon the face of the conceded facts,

the case was clearly an appropriate one for the remedy of habeas corpus.

The order of the Appellate Division should be reversed and that of the Special Term affirmed.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.