THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELLIS PARKER, JR., Defendant, Impleaded with Others.

County Court, Kings County, May 15, 1940.

*William O'Dwyer, District Attorney [Harry J. Walsh of counsel],* for the plaintiff.

*Myron J. Greene,* for the defendant.

FITZGERALD, J.   On June 3, 1936, the defendant, with others, was indicted for the crimes of kidnapping and assault in the second degree.

Subsequently the same individuals were indicted in the United States District Court for the District of New Jersey, for conspiracy to transport a kidnapped person in interstate commerce in violation of the so-called Lindberg Kidnapping Law (U. S. Code, tit. 18, § 408, subd. [c]).

The defendants were tried in the Federal court in May, 1938, and on June twenty-third the defendant Ellis Parker, Jr., was convicted and given a prison sentence.

He now moves to dismiss the indictment herein on the ground that the overt acts set out in the indictment in the Federal court are the identical acts recited in the indictment herein.

The motion is predicated upon section 33 of the Penal Law, which is as follows: " Whenever it appears upon the trial of an indictment, that the offense was committed in another State or country, or under such circumstances that the courts of this State or government had jurisdiction thereof, and that the defendant has already been acquitted or convicted on the merits upon a criminal prosecution under the laws of such State, or country, founded upon the act or omission in respect to which he is upon trial, such former acquittal or conviction is a sufficient defense."

It is conceded by the People that the overt acts upon which the defendant was convicted in the Federal court are the identical facts upon which the indictment herein is predicated.

The provisions of section 33, *supra*, would suggest that the question could only be raised upon the trial of the indictment.

Section 139 of the Code of Criminal Procedure, however, provides that " When an act charged as a crime is within the jurisdiction of another State, Territory or country, as well as within the jurisdiction of this State, a conviction or acquittal thereof in the former, is a bar to a prosecution or indictment in this State."

In *People ex rel. Liss* v. *Superintendent of Women's Prison* (282 N. Y. 115) the Court of Appeals held that habeas corpus was the proper remedy and sustained the writ. It appears from the opinion that the defendant was indicted in the United States District Court for the Eastern District of New York for a violation of sections 173 and 174 of title 21 and section 1040 and subdivision (a) of section 1043 of title 26 of the United States Code, █ for the possession of narcotics. The defendant was tried and acquitted. Subsequently an information was filed in the Court of Special Sessions for a violation of section 422 of the Public Health Law, the unlawful possession of narcotic drugs. The defendant was tried and the testimony was substantially the same as in the trial of the indictment in the Federal court. The defendant was convicted. Before sentence her discharge was sought on a writ of habeas corpus.

. " The act of which the relator had been acquitted in the Federal court [possession of the morphine, said the court] was the self-same act for which she was put on trial again in the Court of Special Sessions. There was no power in the Court of Special Sessions so to proceed in the premises. When the Federal court found the relator not guilty of possession of the morphine, that alleged act was no longer ground for even the initiation of a criminal prosecution against her for violation of article 22 of the Public Health Law. This was the manifest effect of section 445 of that article. (Cf. Penal Law, § 33; Code Crim. Proc. § 139.)

" Since the want of jurisdiction of the Court of Special Sessions was apparent upon the face of the conceded facts, the case was clearly one for the remedy of habeas corpus."

The Public Health Law has a special immunity provision.

Section 445 of the Public Health Law is as follows: " No person shall be prosecuted for a violation of any provision of this article if such person has been acquitted or convicted under the Federal narcotic laws of the same act or omission which, it is alleged, constitutes a violation of this article."

It well may be that this matter may properly be disposed of on motion, in view of the concession of the People as to the identity of the facts in both prosecutions.

This motion, however, is addressed to the discretion of the court. The defendant has never been within its jurisdiction. Efforts by the People to bring the defendant within our jurisdiction have been resisted successfully by the defendant. While these facts do not appear in the papers on this application, yet a judge may not hide his head ostrich-like and pretend ignorance of events of common knowledge. It has been the practice to refuse to entertain motions addressed to the discretion of the court, in instances where defendants have never been within its jurisdiction. It is a wholesome practice. That defendant is now in jail as the result of his conviction in the Federal court does not alter the situation. (*People* v. *Miro*, 151 Misc. 164, 170.)

Without passing upon the merits, the motion is denied, without prejudice to a renewal whenever the defendant submits to the jurisdiction of the court.