THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* OCTAVIOS
RIOS, Defendant.

Court of General Sessions of County of New York, December 4, 1940.

*Thomas E. Dewey, District Attorney [Milton Schilback, Assistant District Attorney*, of counsel], for the plaintiff.

*Edward T. Tighe*, for the defendant.

GOLDSTEIN, J. The district attorney has filed an information against this defendant charging him with being a second felony offender within the meaning of section 1941 of the Penal Law.

An examination of the indictment which the district attorney offers as the basis for alleging a prior felony conviction discloses that the defendant has previously been convicted under title 26 of the United States Code. This particular title deals with revenue laws and the indictment shows that the defendant was charged with a violation of the Internal Revenue Law, in that he sold a quantity of marihuana cigarettes without having affixed thereto the proper revenue stamps. The indictment has two counts — the first charging the crime directly and the second count charging conspiracy to do the act alleged in the first count.

The basis of the People's contention is that failure to affix stamps upon sale presupposes a sale, and that the sale of marihuana cigarettes constituted a felony under the laws of this State. The sale mentioned in the Federal indictment is incidental to it. The gravamen of the charge is the failure to pay a tax. The tax in question is strictly a matter for Federal regulation. Under the circumstances, it must be obvious that a Federal internal revenue law is purely a creature of statute; by its very nature it must

originate with the United States government and remain exclusively within the domain of the United States government. It follows that at no time could a violation of such a statute be a felony within the jurisdiction of the State of New York.

A reading of section 1941 of the Penal Law, in my opinion, disposes of the question of " sale." That section reads " A person, who, after having been once or twice convicted within this State, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second or third offense, as follows:  *   *   * "

It will be noted that section 1941 provides for punishment as second felony offenders not those who have previously committed prohibited acts, but those who have been previously convicted of certain crimes. The distinction between a crime and an act is patent. As used here, the word " crime " refers to an act which would be both violative of our felony statutes and which has been successfully prosecuted.

By reason of the foregoing, I hold the defendant cannot be sentenced as a second offender and the information is, therefore, dismissed.