[Criminal No. 953.  Filed June 25, 1945.]

[160 Pac. (2d) 352.]

STATE OF ARIZONA, Appellant, v. WILLIAM JAKE WORTHAM, Appellee.

Mr. John L. Sullivan, Attorney General, Mr. John F. Ross, County Attorney, and Mr. I. B. Thomlinson, Deputy County Attorney, for Appellant.

Mr. James J. Silver, for Appellee.

STANFORD, C. J.—In the superior court the defendant was charged by information with a violation of the Arizona Uniform Narcotics Act of 1935, the information charging that:

"The said William Jake Worthman on or about the 4th day of September, 1943, and before the filing of this information, at the County of Cohise, State of Arizona, did then and there, willfully and unlawfully, have in his possession and under his control a certain Narcotic Drug, known as Cannabis or Marihuana in violation of Section 68–803, Article 8, of the Arizona Code Annotated, 1939, known and cited as 'The Arizona Uniform Narcotic Act of 1935'."

The drug in question is defined by subdivision (*o*), Section 68–802, Arizona Code Annotated 1939, as follows:

"(*o*) 'Cannabis' shall include the following substances under whatever names they may be designated: (1) Mariahuana (Marihuana); (2) the dried flowering or fruiting tops of the pistillate plant cannabis satina (sativa) L., from which the resin has not been extracted; (3) the resin extracted from such tops; and (4) every compound manufacture, salt, derivative, mixture or preparation of such resin, or of such tops from which the resin has not been extracted."

The case comes to this court by reason of an appeal by the state from an order of the superior court granting a motion to quash the information on the grounds of defendant having been acquitted by verdict on an indictment in the District Court of the United States of the District of Arizona, charging in one count the importation and bringing into the United States bulk marihuana without having registered and having paid the special tax as required by law, and in the second count the acquisition as transferee and having in his possession bulk marihuana without having paid such tax.

The case is here solely on a question of law. In our state this is a case of first impression.

The two counts in the indictment of the United States court are as follows:

" . . . that William Jake Wortham, on or about the 4th day of September, A. D. 1943, and within the District of Arizona, did then and there, in violation of the Marihuana Tax Act of 1937, knowingly, fraudulently and feloniously import and bring into the United States, and assist in so doing, approximately 328 grains of bulk marihuana, without having registered and paid the special tax as required by law; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America.

"Second Count: And the Grand Jurors aforesaid, on their oath aforesaid, do further present that William Jake Wortham, on or about the 4th day of September, A. D. 1943, and within the said District of Arizona, being a transferee required by law to pay a transfer tax did knowingly, fraudulently and feloniously acquire and have in his possession approximately 328 grains of bulk marihuana without having paid such tax;"

It is the contention of the state that the charge in the Federal Court is not the same as the information filed by the state; that the federal case was in violation of the Revenue Statutes of our United States law; and that the case of our state is simply a penal statute.

The defendant contends that the possession charged in both courts is one and the same, and that the defendant is entitled to immunity under Section 68–836, Arizona Code Annotated 1939, reading as follows:

*"Effect of acquittal or conviction under federal narcotic laws.*—No person shall be prosecuted for a violation of any provision of this act if such person has been acquitted or convicted under the federal narcotic laws of the same act or omission which it is alleged constitutes a violation of this act."

Section 68–803, Arizona Code Annotated 1939, reads as follows:

"*Acts prohibited.*—It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act."

The state contends that the substance of the charging part of the indictment in the federal court is the violation of the Marihuana Tax Act of 1937, 26 U. S. C. A. Int. Rev. Code, §§ 2590 *et seq.*, 3230 *et seq.*, and that the said Marihuana Tax Act, as well as the Harrison Anti-Narcotic Act, 26 U. S. C. A. Int. Rev. Code, §§ 2550 *et seq.*, 3220 *et seq.*, have repeatedly been held to be revenue tax acts and not a regulation of the narcotic traffic. In support of that the state cites the following cases: *United States* v. *Doremus,* 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493; *United States* v. *Jin Fuey Moy,* 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854; *Griffin* v. *State,* 57 Okl. Cr. 176, 46 Pac. (2d) 382; *Tucker* v. *Williamson,* D. C., 229 Fed. 201; *Gerardi* v. *United States,* 1 Cir., 24 Fed. (2d) 189; *Webb et al.* v. *United States,* 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. 497.

In Griffin v. State, *supra,* a Dr. Griffin was convicted on information charging that in 1932 he committed the crime of unlawful possession of narcotic drugs. This case was not one tried under the Uniform Narcotic Act. Although Oklahoma is one of the many states in our nation which has adopted that act, its adoption there occurred in 1935.

The state further cites *People* v. *Rios,* 175 Misc. 794, 24 N. Y. S. (2d) 411, and *United States* v. *Mercurio,* D. C., 33 Fed. (2d) 142, both in view, however, of its theory of the case being

"that the charge against the defendant in the federal indictment, in each of the counts, is a failure to pay the tax required by the law; while in the Information,

in the state case, he is charged with possession in violation of the state law."

The Rios case, *supra,* was decided in 1940, but in 1941 the Supreme Court of New York rendered its opinion in the case of *People* v. *Gennaro,* 261 App. Div. 533, 26 N. Y. S. (2d) 336; Id., 287 N. Y. 657, 39 N. E. (2d) 283, and a case to which we will presently refer, gave no consideration of importance to the Rios case.

The State of New York adopted the Uniform Narcotic Act in 1933. Public Health Law, Consol. Laws, c. 45, § 420 *et seq.*

In *People* v. *Superintendent of Women's Prison,* 257 App. Div. 865, 13 N. Y. S. (2d) 787; Id., 282 N. Y. 115, 25 N. E. (2d) 869, 871, the defendant was charged by the state with possession of morphine. She had been acquitted in the federal court on a charge involving the possession of the same morphine. She invoked the immunity clause of the New York Narcotic Act as follows:

" . . . 'No person shall be prosecuted for a violation of any provision of this article if such person has been acquitted or convicted under the federal narcotic laws of the same act or omission which, it is alleged, constitutes a violation of this article.' . . . " Section 445.

The foregoing immunity clause is almost verbatim with Section 68–836 of our Uniform Narcotic Act. The court said:

" . . . 'said information having been based upon the possession of the identical narcotics found at the home of said relator, at No. 716 Ocean Parkway, Brooklyn, New York, on December 3, 1938, as set forth in the indictment tried before United States District Judge Moscowitz and a jury on December 22nd and 23rd, 1938 . . . . Substantially the same testimony was offered by the prosecution at the trial of said information in the Court of Special Sessions, County of Kings, as was relied upon by the govern-

ment at the trial of the indictment in the United States District Court for the Eastern District of New York.

.  .  .  .  .  .  .  .  .  .

"The act of which the relator had been acquitted in the Federal court (possession of the morphine) was the self-same act for which she was put on trial again in the Court of Special Sessions. There was no power in the Court of Special Sessions so to proceed in the premises. When the Federal court found the relator not guilty of possession of the morphine, that alleged act was no longer ground for even the initiation of a criminal prosecution against her for violation of article 22 of the Public Health Law. . . . "

Again keeping in mind that the state rests on the theory that both counts of the federal charge are that no tax was paid, and the state charge, or information, was for having possession only, we quote from *People v. Gennaro, supra* [261 App. Div. 533, 26 N. Y. S. (2d) 337]:

"In this case the defendant pleaded guilty to the crime of attempting feloniously to sell a narcotic drug. An information charging the defendant with being a second felony offender based upon a prior conviction in the Federal Court for selling drugs was thereupon filed against him. The defendant admitted having been convicted in the District Court of the United States for the Southern District of New York. But he denied, first, that the offense was the crime of selling narcotics, and, second, that it would have constituted a felony if committed in this State."

So while mainly he was charged with being a second felony offender, the case treats of the Uniform Narcotic Act. We further quote:

"Article 22, § 420 *et seq.*, of the Public Health Law of the State of New York enacted in 1933 is an adoption of the Uniform Narcotic Drug Act, previously formulated and recommended by the National Conference of Commissioners on Uniform State Laws in October, 1932. There is no doubt that the purpose of the Uniform Act was to parallel and supplement the

Federal narcotic laws. The New York statute provides for cooperative action by State and Federal authorities (Public Health Law, Section 443) for the interchange of data between them (*ibid*. Section 437) and both statutes exempt the same medicinal preparations from their prohibition (*ibid*. Section 428; 26 U. S. C. A., Int. Rev. Code, § 2551). Section 425 subdivision (3) and Section 429 of the Public Health Law provide that the use of federal forms and the keeping of records as required by federal law shall be deemed a compliance with the provisions of the Public Health Law. The appellant argues that the acts constituting the crime of which the defendant was convicted in the Federal Court do not constitute a crime under our State laws. It is clear enough that both the Federal and the State offenses have in common the act of a sale of narcotics. The State law prohibits the sale outright unless the defendant can prove that it was done in accordance with certain specified exceptions. The Federal law, while not forbidding the sale outright, punishes the sale if it is made without compliance with certain regulations. The Federal and State exceptions overlap and complement each other. The effect of the two laws is to punish the same conduct and this difference in verbal approach is the only distinction that can be made between the two laws. In effect, they are the same.

"The identity of these laws is recognized by Section 445 of the Public Health Law which is of the utmost importance in considering this question. It reads as follows: 'Effect of acquittal or conviction under federal narcotic laws. No person shall be prosecuted for a violation of any provision of this article if such person has been acquitted or convicted under the federal narcotic laws of the same act or omission which, it is alleged, constitutes a violation of this article.' This section clearly indicates an intention on the part of the Legislature to put convictions under the Federal and State statutes on an equal footing. The rule that convictions under one statute shall be a bar to prosecution under the other necessarily presupposes an identity of offense. In the determination of questions arising under Section 1941 of the Penal Law effect must be given to this purpose and

offenses under the Federal Law should be recognized as equivalent to those under the State statute.''

■ We hold that our State Uniform Narcotic Act is complimentary to the laws of our federal government in the control and abolition of the traffic in narcotics.

■ We further hold that from the foregoing opinions, and our view of our law on this subject is that the offense of the United States, as set forth in its indictment, is one and the same offense as set forth in the state's information, within the contemplation of the immunity provision. Both charges are based upon the same act—possession of the same marihuana. This court accordingly affirms the order and ruling of the trial court in quashing the charge and information against the defendant.

LaPRADE and MORGAN, J. J., concurring.