**Edgar Richard LEWIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 14871.

United States Court of Appeals Ninth Circuit.

June 25, 1956.

Writ of Certiorari Denied Nov. 5, 1956.

Edgar R. Lewis, in pro. per.

William T. Plummer, U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before STEPHENS, POPE and LEMMON, Circuit Judges.

LEMMON, Circuit Judge.

Appellant was convicted by a jury after trial of two counts of violation of

---

5. Luteran v. United States, 8 Cir., 1937, 93 F.2d 395; Meyers v. United States, 6 Cir., 1938, 94 F.2d 433.

the Alaska Narcotic Drug Act and two counts of violation of the Harrison Narcotic Act. He was sentenced to serve consecutive terms of imprisonment. A motion was made by him, under Section 2255 of Title 28 U.S.C., in the District Court to vacate the sentences and was denied by that Court. From the order denying the motion this appeal is taken in propria persona.

■ The main contention made on this appeal and the only one meriting discussion is appellant's claim that he was convicted and sentenced on several counts all charging the same offense. He was charged with violation of a Territorial Statute[1] and the Federal Laws.[2] The indictment in case No. 2551 is similar to the two counts in case No. 2575. The date of the offense is the same, the same individuals are defendants and the possession of the same type of narcotic is alleged. The Alaska statute prohibits prosecution thereunder if the accused has been "acquitted or convicted under the Federal Narcotic laws for the same act or omission, which, it is alleged, constitutes a violation of this Act." Appellee suggests that the prohibition might not apply where the same offense is charged under Federal and Alaska law concurrently. However, characterizing this argument as one of "doubtful worth" appellee cites a decision from the Supreme Court of Arizona, State v. Wortham, 63 Ariz. 148, 160 P.2d 352, and concedes that the conviction under No. 2575 is within the prohibition of the Alaska statute and that the conviction under Count I should be vacated.

Most of appellant's complaints appear to be directed to claimed errors in the trial court prior to the judgments, errors which, if they existed, could have been remedied upon appeal. He claims that he was arrested without the prior issuance of a warrant, failure of proof of guilt by appellee[3], intemperate and de-rogatory remarks concerning appellant made by the prosecuting attorney[4] at the trial, that an expert witness appointed by the court failed to notify appellant before trial of his findings[5], Rule 28 of Federal Rules of Criminal Procedure, 18 U.S.C., and that several indictments were consolidated for trial.

■■ A motion under Section 2255 is not a substitute for appeal. Questions as to sufficiency of evidence or errors of law or of fact must be raised by timely appeal and not by this motion. The purpose of the section is not to review proceedings of the trial as upon appeal but merely to test their validity where judged upon the face of the record or by constitutional standards.[6] We conclude that the trial judge properly denied the motion insofar as these alleged errors are concerned.

The case is remanded to the District Court with direction to vacate and set aside the sentence imposed under Count I. Affirmed as to Counts II, III and IV.

---

1. Section 40–3–21 A.C.L.A., 1949.
2. 26 U.S.C. §§ 2553, 2593.
3. This is unavailable by motion under § 2255—Taylor v. United States, 4 Cir., 177 F.2d 194.

4. Barron and Holtzoff, page 93 of 1956 Pocket Part.
5. Barron and Holtzoff, Sec. 2213.
6. Pelley v. United States, 7 Cir., 214 F.2d 597, certiorari denied 348 U.S. 915, 75 S. Ct. 296, 99 L.Ed. 718.