**Edgar Richard LEWIS, Plaintiff,**

**v.**

**UNITED STATES of America, Respondent.**

**No. A–30–70.**

United States District Court, D. Alaska.

May 12, 1970.

Edgar Richard Lewis, in pro. per.

Douglas B. Baily, U. S. Atty., for respondent.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This matter is before the Court on motion to vacate and set aside sentence under 28 U.S.C. § 2255 (1964). Plaintiff was sentenced by the District Court for the Territory of Alaska to four consecutive prison terms totalling 17 years. Sentence was imposed on January 28, 1953. The four-year sentence on Count I of the four-count consolidated indictment was ordered vacated by the Court of Appeals, Lewis v. United States, 235 F.2d 580, 16 Alaska 341 (9th Cir.1956), leaving a total of 13 years.

Plaintiff now complains of the four-year sentence under Count IV of the consolidated indictment under which he was tried, which charged him with having acquired marijuana without paying the transfer tax thereon in violation of what is now 26 U.S.C. § 4744(a) (1) (1964). He alleges this sentence to be unlawful under the rule of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969).

■ Initially, it must be noted that, because of the lapse of time, plaintiff has served the sentence· of which he complains. This, however, does not make this cause moot. Plaintiff has raised an issue of constitutional dimensions, and even if he no longer can be considered "in custody" under the sentence in question for purposes of § 2255, he is entitled to consideration of his allegations in the nature of a writ of error coram nobis, Byrnes v. United States, 408 F.2d 599, 601 (9th Cir.1969).

■ Nor is the fact that plaintiff did not raise the Fifth Amendment defense at trial of any consequence here. At the time of his trial, the established rule was contrary to that announced in Leary, supra, and raising such a defense would have been useless. United States v. Scott, 425 F.2d 55 (9th Cir., March 9, 1970). Therefore, this matter must be decided on its merits.

■ There is no question but that plaintiff's conviction under Count IV falls within Leary and Covington, supra. Thus, the only issue before the Court is whether Leary and Covington must be applied retroactively to the extent that a sentence imposed in 1953, and affirmed by the Court of Appeals in 1956, must be vacated as unconstitutional in 1970, after it fully has been served.

In United States v. Scott, supra, the Court of Appeals for the Ninth Circuit, sitting en banc, held that the Leary ruling concerning presumption of importation in 21 U.S.C. § 176a "is fully retroactive." The Court based its conclusion upon its determination that the presumption was vital to the fact-finding process in § 176a trials, and thus its use must result in the conviction of many who are in fact not guilty of the crime defined by § 176a.

As to the issue of retroactivity, in the context of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the Court of Appeals for the Fourth Circuit said:

"In the Haynes situation, a different result on retrial would be compelled in almost every case, for any prosecution would be barred by the defendant's claim of the privilege against self-incrimination. An existing conviction is itself the proof of an unconstitutional prosecution, for unlike Miranda or Griffin, which affect only single aspects of the process which led to conviction, the Haynes ruling focuses upon the very offense with which the defendant is charged. Given the virtual impossibility of a lawful conviction in any new trial, it is difficult to perceive how it could reasonably be concluded that past convictions were basically fair or without prejudice to the accused.

"The reliability of fact-finding as a criterion for determining retroactivity becomes irrelevant when no facts that conceivably could be found would escape condemnation as violative of a fundamental constitutional right. Pros-

ecution or conviction for failure to file the incriminatory form demanded by the statute could be sustained only in blatant disregard of the Fifth Amendment privilege."

United States v. Miller, 406 F.2d 1100, 1104 (4th Cir.1969).

The same appears true of prosecutions under § 4744, and the rationale of *Miller* has been applied to that section by the Court of Appeals for the Seventh Circuit. Santos v. United States, 417 F.2d 340, 345–346 (7th Cir.1969). The Court of Appeals for the Eighth Circuit has likewise applied *Leary* retroactively, through § 2255, to convictions which were final prior to the *Leary* decision. Rowell v. United States, 415 F.2d 300 (8th Cir.1969).

The Court is aware that the Department of Justice urges the rule in question should be applied retroactively only to those cases pending on appeal on the date of the *Leary* and *Covington* decisions. There is authority tending to support such a position, see Graham v. United States, 407 F.2d 1313 (6th Cir. 1969). In light of *Santos, Miller* and *Scott, supra,* the Court does not find that argument persuasive.

Therefore, it is ordered:

1. That plaintiff's motion may be considered in the nature of a writ of error coram nobis;

2. That the motion is granted;

3. That so much of the judgment of the District Court for the Territory of Alaska, Cause 2575 Criminal, dated January 28, 1953, as commits Edgar Richard Lewis to the custody of the Attorney General or his authorized representative for a period of four years upon his conviction as a transferee of marijuana without having paid the transfer tax, as charged in redesignated Count IV of that cause, is vacated;

4. That this Memorandum and Order shall serve as the Court's Findings of Fact and Conclusions of Law.