OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant moves to withdraw a previously entered plea of guilty to criminal possession of a weapon in the third degree and for dismissal of the indictment. He alleges that his constitutional (US Const, 5th Arndt; NY Const, arts I, VI) and statutory (CPL 40.20) protections against double jeopardy were violated.
The defendant entered his plea of guilty on August 30, 1983, before this court on indictment 974 of 1979 to the one count of criminal possession of a weapon in the third degree. After the entry of his plea, but prior to his sentence, he disclosed to his counsel that he had been charged in a prior indictment (2412-78) with robbery in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, a misdemeanor. Both indictments arose from the same transac *1041 tion. For the purpose of this motion, a recitation of the chronology of events is vital.
Indictment 2412 of 1978 was filed on November 20,1978. The case proceeded to trial with the commencement of jury selection on May 8, 1979. Jury selection was completed on May 10, and the jury was sworn. The prosecution made an opening statement — the defendant waived his. On that same day, the District Attorney of Bronx County filed the superseding one-count indictment (974-79) which is the subject of this motion, charging him with criminal possession of a weapon in the third degree.
On May 11, the defendant was arraigned on the superseding indictment, and on motion, the count of criminal possession of a weapon in the fourth degree contained in indictment 2412-78 was dismissed, over the objection of his counsel.
On May 14, because the People were not able to obtain its witnesses, the court issued a trial order of dismissal as to the remaining counts.
The People concede that the possession count to which the defendant pleaded guilty in indictment 974-79 arises out of the same transaction as the dismissed possession count in 2412-78. However, the People take the position that such count in the superseding indictment is based on a different crime which required an additional element, and therefore is not barred by the double jeopardy rule.
CPL 40.20 (subd 1) states that “[a] person may not be twice prosecuted for the same offense.” However, CPL 40.20 (subd 2) provides that he may be prosecuted for the same act or criminal transaction under specified exceptions. The People rely specifically on CPL 40.20 (subd 2, par [a]) which permits prosecution when
“[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
“[Subd 2] (b) [e]ach of the offenses as defined contains an element * * * of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.
*1042 In the prior indictment which was dismissed, the defendant had been indicted with others. A reading of the Grand Jury minutes shows no evidence that the object, a gravity knife, found in the defendant’s possession after a search incidental to his arrest, was connected in any way with the performance of the alleged robbery. The superseding indictment which elevated the degree of this purely possessory crime was based solely and exclusively on the defendant’s prior commission of a crime. (See Penal Law, §§ 265.01, 265.02.)
It must then be determined whether such prior conviction, which by operation of law changes the crime from a class A misdemeanor to a class D felony, is such an element which is “clearly distinguishable” from any elements of the possession of a gravity knife count and whether the statutory provisions applied in the second indictment “[was] designed to prevent [a] very different kind * * * of harm or evil”. (CPL 40.20, subd 2, par [b].)
The constitutional guarantee against double jeopardy reflects a fundamental principle that no person shall be tried more than once for the same offense (Benton v Maryland, 395 US 784). The Supreme Court of the United States clearly embodied in that guarantee the protection against prosecution for the same offense after acquittal (North Carolina v Pearce, 395 US 711) and also was quite definitive in stating that a trial order of dismissal has the same effect as an acquittal for the purpose of double jeopardy determination. (See Tibbs v Florida, 457 US 31.) There is nothing ambiguous or uncertain in the language used by the court in Tibbs “A verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial” (p 41).
Labeling the action taken by a Trial Judge as a trial order of dismissal instead of a directed verdict of acquittal does not change anything. The Legislature of the State of New York in passing CPL 450.20 sought to use the trial order of a dismissal as a substitute for the old directed verdict of acquittal, in the hope that this procedural counterpart would avail the People of the right to appeal. Both the Supreme Court in United States v Jenkins (420 US 358) and the New York State Court of Appeals in People v *1043 Brown (40 NY2d 381) struck down this appeal authorization section as unconstitutionally violative of the double jeopardy clause.
In view of the case law cited, the People’s claim that the additional element of prior conviction allows for further prosecution is not valid. This is especially true where a purely possessory crime is involved. See People ex rel. Liss v Superintendent of Women's Prison (282 NY 115), where the court held that possession of same drugs involved in a prior indictment was clearly a bar to further prosecution. (See, also, Matter of Orillo v Justices of Supreme Ct., 43 AD2d 4.)
The very purpose of CPL 40.20 is to prevent a second prosecution arising from the same transaction. (See Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560.) Moreover, it was enacted primarily to supersede the “dual sovereignties” doctrine which did, prior to its passage, permit successive State and/or Federal prosecutions based on the same transaction or conduct. Thus, the statute intended protection against second prosecution beyond that required by the Constitution’s double jeopardy clause. (See People v Abbamonte, 43 NY2d 74.) The Supreme Court, in Blockburger v United States (284 US 299, 304), set forth a basic test to determine whether two offenses are distinct for double jeopardy purpose — whether each alleged offense required proof of a fact which the other does not. That fact, if it exists, must have a substantial bearing on the commission of the act itself. CPL 40.20 intentionally guards against double prosecutions where the offense may be differentiated only “esoterically in law.” (See Denzer, 1971 Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, p 106.) The only factual change is the prior conviction, a classic esoteric difference — which is not available to the People for the purpose of prosecuting this defendant again for possession of the gravity knife.
The remaining issue is the timeliness of defendant’s motion. Did the defendant waive his right to urge double jeopardy after pleading guilty to the second indictment?
The Supreme Court clearly answered that question in the negative by holding in Menna v New York (423 US 61) that neither a plea of guilty, nor failure to raise the *1044 argument prior to the plea, constitutes a waiver of this constitutional protection. (See, also, People v Michael, 48 NY2d 1.)
Accordingly, the motion to withdraw his plea of guilty is granted, the said plea is vacated, and for the reasons set forth herein, indictment No. 974 of 1979 is dismissed and the defendant is discharged.