**Francis T. PROCTOR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18187.**

United States Court of Appeals
District of Columbia Circuit.

Feb. 3, 1965.

For prior opinion see 338 F.2d 533.

Mr. A. Alvis Layne (appointed by this court), Washington, D. C., for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT, and McGOWAN, Circuit Judges, in Chambers.

**ORDER**

PER CURIAM.

On consideration of appellant's motion for leave to file his lodged supplemental petition for rehearing en banc, it is

ORDERED by the Court en banc that appellant's aforesaid motion be granted, and the Clerk is directed to file appellant's lodged supplemental petition for rehearing en banc, and

On consideration whereof:

IT IS FURTHER ORDERED by the Court en banc, there not being a majority of the Judges of this circuit in favor of granting appellant's supplemental petition for rehearing en banc, that appellant's said supplemental petition is denied.

BAZELON, Chief Judge, and FAHY, WASHINGTON and WRIGHT, Circuit Judges, would grant rehearing en banc.

BAZELON, Chief Judge (dissenting).

This is a petition for leave to file out of time a supplemental petition for rehearing en banc. The matter is complicated by the fact that petitioner has applied for certiorari in the Supreme Court.

The instant petition alleges that the issue whether appellant's confession was voluntary was improperly submitted to the jury. This claim, it is further alleged was not argued on appeal because it was not supported by then-existing law, and was not argued in the earlier petition for rehearing en banc because counsel was not then aware of the Supreme Court decisions in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 1028 (1964); and Muschette v. United States, 378 U.S. 569, 84 S.Ct. 1927, 12 L.Ed.2d 1039 (1964). Petitioner's claim appears to have substantial merit.[1] Moreover, I consider that the pendency of the application for certiorari does not divest us of jurisdiction. I therefore vote to grant leave to file this petition and to grant rehearing en banc.

---

15. Williamson v. United States, 184 F. 2d 280, 282 (2d Cir. 1950) (Mr. Justice Jackson as Circuit Justice).

1. See Remmer v. United States, 348 U.S. 904, 75 S.Ct. 288, 99 L.Ed. 710 (1955); United States v. Killian, 246 F.2d 77, 82 (7th Cir. 1957).