Francis T. PROCTOR, Appellant,

v.

Sam A. ANDERSON, Superintendent, District of Columbia Jail, Appellee.

No. 19342.

United States Court of Appeals District of Columbia Circuit.

Argued April 29, 1966.

Decided May 12, 1966.

Danaher, Circuit Judge, dissented.

Mr. Richard Anthony Hibey, Washington, D. C. (appointed by this court), for appellant. Mr. William W. Greenhalgh, Washington, D. C. (appointed by this court), also entered an appearance for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.

## ORDER

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel.

It appearing that the trial judge referred the question of voluntariness of the confession to the jury without first making that determination himself.

It is ordered that this case be, and it is hereby, remanded to the District Court for hearing on voluntariness of the confession admitted in evidence. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

DANAHER, Circuit Judge (dissenting).

This appellant has had his day in court, and I dissent from the order of remand. If the overburdened judges of the District Court are to be required, once again, to conduct a hearing in this case, I want my views before them.

This appellant, formerly employed at a small hotel on 16th Street, gained entrance about midnight on May 17, 1963. With a hammer he dangerously beat a woman and tried to strangle her with telephone wires he had cut. She managed to call for help and informed the responding police that her assailant was "Tony Washington" as he was known to her.[1]

Officers received from Proctor's mother a photograph of the appellant. At a hearing on his motion to suppress, he testified it was not his picture, but it was sufficient, supplemented by good police work, to lead to Proctor's arrest. Adopting tactics of deceitful masquerade, he sought to escape identification. He showed the officers documents bearing the name of Don Ameche Miller, included among which were a North Carolina driver's license, a D. C. unemployment card and a draft registration card. He volunteered to cooperate with police as he sought to throw them off the track.

When appellant was taken to his mother's apartment, his mother and stepfather both identified Proctor. He said "Woman, I never seen you before in my life." Thereupon placed under arrest, the appellant's own Social Security card was found in his wallet. Proctor confessed, and his counsel sought to suppress that statement solely on *Mallory* grounds. As both the majority and dissenting opinions[2] so obviously demonstrate, this court on June 25, 1964 discussed only and decided the *Mallory* issue against Proctor. Although Jackson v. Denno[3] had come down on June 22, 1964, we gave that case no treatment whatever. Proctor at no stage of the proceedings had sought a hearing and determination on the issue of voluntariness of his confession.[4]

Two weeks later, appellant filed a petition for rehearing *en banc*. There was no suggestion whatever of a claimed Jackson v. Denno issue. On October 7,

---

1. More detailed facts appear in our opinion affirming the conviction in Proctor v. United States, 119 U.S.App.D.C. 193, 338 F.2d 533, petition for rehearing *en banc* denied (1964).

2. *Supra* note 1.

3. 378 U.S. 368, 84 S.Ct. 1774 (1964).

4. *Id.* at 376–377, 84 S.Ct. 1774.

1964, that petition for rehearing *en banc* was denied. Proctor then on November 5, 1964 sought certiorari. On that account, we stayed issuance of our mandate on November 19, 1964. Certiorari was denied on March 1, 1965.[5]

Meanwhile, one month before the Supreme Court denied certiorari, Proctor raised a Jackson v. Denno ground when he filed here his "Supplemental Petition for Rehearing en Banc." This time, and for the first time, he claimed the District Judge had erred in submitting to the jury the issue of voluntariness of the confession. We denied that supplemental petition.[6]

No appeal was taken from that order of denial, and as noted, one month later the Supreme Court denied certiorari.

Not even one month thereafter, appellant again was back in the District Court. He petitioned for a writ of habeas corpus raising the very same grounds which had been set forth in his Supplemental Petition. The Government's return and answer, treating Proctor's pleading as a motion for relief under section 2255, correctly presented the state of the record and the various rulings I have outlined.

Judge Youngdahl discharged the rule and ordered that the petition be dismissed. Not only could he see before him a record replete with contrived and repetitious reassertions of claims which had been disposed of by the judgments cited, but he was bound to rule in support of our public policy which favors the establishment of certainty in legal relations.[7] Surely he could not have anticipated that his competent judgment thus exercised was to be undone by the ad hoc decision now being entered despite the record of finality.

I submit there was no error, and I would affirm.

5. Proctor v. United States, 380 U.S. 917, 85 S.Ct. 910, 13 L.Ed.2d 802 (1965).

6. 120 U.S.App.D.C. 35, 343 F.2d 317 (1965).

7. Cf. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948).