Louis **GUIDO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 16416.

United States Court of Appeals
Seventh Circuit.

July 17, 1968.

———◆———

Louis Guido, in pro. per.

Thomas A. Foran, U. S. Atty., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lu-

linski, Gerald M. Werksman, Gerald L. Sbarboro, Asst. U. S. Attys., of counsel.

Before MAJOR, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Motion to set aside sentence under 28 U.S.C. sec. 2255 was denied and petitioner has appealed.

Petitioner was a defendant-appellant in United States v. Micele (7th Cir. 1964), 327 F.2d 222. On appeal this court decided that the record indicated possible inconsistencies between the trial and grand jury testimony of two prosecution witnesses; that there was a sufficient demonstration of particularized need; and that defendants' motions for *in camera* inspection had been erroneously denied.

Having so decided we did not reverse and order a new trial forthwith, but set about, in substance, to determine whether the error had been prejudicial. At our direction, the district judge compared the grand jury and trial testimony; he certified there were no material inconsistencies; this court read the testimony and agreed. Had this court decided there were material inconsistencies, a new trial would undoubtedly have been ordered. As it was, the error was deemed harmless, and this court affirmed.

Petitioner was sentenced February 1, 1963. The decision of this court was filed January 8, and modified March 31, 1964.

On June 20, 1966, the Supreme Court of the United States decided Dennis v. United States,[1] reviewing on certiorari the judgment of a court of appeals affirming a conviction. The Supreme Court decided that particularized need had been shown for inspection of the grand jury minutes and that the district court had erred in denying motions for inspection by defendants, or, alternatively, by the judge *in camera*. Moreover the Supreme Court decided that *in camera*

---

1. 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973.

inspection by the trial judge is not "an appropriate or satisfactory measure when there is a showing of a 'particularized need' for disclosure." Such need having been shown, "petitioners were entitled to examine the grand jury minutes relating to trial testimony of the four government witnesses, and to do so while those witnesses were available for cross-examination * * *."

Petitioner Guido argues that the denial to his trial counsel of the opportunity now required by *Dennis* violated a constitutional right and that his sentence is therefore vulnerable to a motion under sec. 2255.

As already noted, *Dennis* was a decision on direct review of a conviction. *Dennis* did not itself open a final judgment to collateral attack, nor did the opinion state the rule in terms of a denial of due process or assistance of counsel.

It seems to us that a rule of criminal procedure may be judicially formulated as a desirable guarantee against possible unfairness to a defendant without necessarily deciding that every past proceeding where a less complete guarantee was afforded was so probably unfair as to have denied due process or otherwise impaired constitutional rights.

Our reading of *Dennis* convinces us that it falls in the former area and not in the latter. The opinion is not couched in terms of constitutional standards.[2] Forerunners of *Dennis* have spoken about related issues in terms of policy.[3]

Moreover, a number of redefinitions of constitutional procedural requirements have been applied prospectively only.[4]

We are satisfied that in the absence of circumstances in a particular case demonstrating such unfairness as to constitute a distinct denial of due process, *Dennis* does not require the setting aside of a sentence which had become final before *Dennis* was announced.

No aggravated circumstances have been shown here, and it should be noted that the grand jury and trial testimony were compared by both the district judge and this court, and neither found material inconsistencies.

The judgment appealed from is affirmed.

---

2. See discussion in United States v. National Dairy Products Corporation (on remand for consideration in light of *Dennis*) (W.D.Mo., 1967), 262 F.Supp. 447, 452, reversed in part, 8 Cir., 384 F.2d 457.

3. United States v. Procter & Gamble Co. (1958), 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077; Pittsburgh Plate Glass Co. v. United States (1959), 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323.

4. Linkletter v. Walker (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. United States ex rel. Shott (1966), 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. State of New Jersey (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno (1967), 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; De Stefano v. Woods (June 17, 1968), 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308.