**Frank HOUSER and Winnie Houser, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 74–1359.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1974.

Decided Dec. 11, 1974.

Daniel P. Reardon, Jr., St. Louis, Mo., for appellants.

Frederick J. Dana, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

GIBSON, Chief Judge.

Frank and Winnie Houser, husband and wife, were jointly arrested, tried, and convicted by a jury of possession of heroin with intent to distribute. On March 16, 1973, each defendant was sentenced to a term of five years imprisonment to be followed by a three year special parole term. A notice of appeal was filed March 19, 1973. That appeal was dismissed May 4, 1973, in accordance with Local Rule 13 for failure to prosecute.

Defendants now appeal the District Court's denial of their 28 U.S.C. § 2255 motion to vacate their sentences which alleged various errors in the conduct of their trial.[1]

28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

It is not contended that the court was without jurisdiction or that the sentence imposed was in excess of the statutory maximum. The Housers' prayer for relief depends then on whether their sentences were "imposed in violation of the Constitution or laws of the United States" or are "otherwise subject to collateral attack."

Those matters which can be raised as collateral attacks have seen a steady expansion since the enactment of § 2255 in 1948. The purpose underlying the enactment of § 2255 was to eliminate procedural abuses, harassments, and unseemly delays in the processing of habeas corpus actions.[2] This was to be accomplished by shifting the hearing of habeas actions from the district where the petitioner was in custody to the more convenient forum, in terms of the availability of records and witnesses, of the sentencing court. Hill v. United States, 368 U.S. 424, 427–428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Lee v. United States, 501 F.2d 494 (8th Cir. 1974). This section was held constitutional as being merely a "jurisdictional bill," United States v. Hayman, 342 U.S. 205, 218, 72 S.Ct. 263, 96 L.Ed. 232 (1952), with the remedies available under § 2255 being "exactly commensurate with that which had previously been available by habeas corpus

---

1. The various allegations in their joint motion were reduced to three upon analysis by the District Court: (1) their arrest and the seizure of evidence violated their Fourth Amendment rights, (2) they were denied their right to confront witnesses against them, and (3) a mentally ill person was allowed to give testimony against them.

   In their appellate brief to this court the petitioners posit "the sole question is whether the defendants here were denied a fair trial" because of the trial court's refusal to grant a one day continuance so that defendants could interview or have the Government produce an alleged informant.

2. See Parker, Limiting the Abuse of Habeas Corpus, 8 F.R.D. 171, 178 (1948).

in the court of the district where the prisoner was confined." Hill v. United States, *supra*, 368 U.S. at 427, 82 S.Ct. at 471.

The federal remedy of habeas corpus had for many years been limited to cases where a conviction was void for want of jurisdiction in the trial court. *See* Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 587, 59 L.Ed. 969 (1915):

> [T]he writ of *habeas corpus* will lie only in case[s] the judgment under which the prisoner is detained is shown to be absolutely void for want of jurisdiction in the court that pronounced it * * *.

An indication of expansion appears in Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923). Justice Holmes (a dissenter in Frank v. Mangum) determined that habeas corpus would lie to secure to petitioners their constitutional rights. Moreover, it was further determined that the petitioners' allegations in *Moore*, if true, would have made the trial absolutely void. Moore v. Dempsey, *supra*, 261 U.S. at 92, 43 S.Ct. 265, 67 L.Ed. 543. It was 1942 before the Supreme Court clearly acknowledged that habeas corpus relief "extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights." Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 966, 86 L.Ed. 1302 (1942).

■ A § 2255 motion is available only upon grounds that would warrant the granting of a writ of habeas corpus. Taylor v. United States, 229 F.2d 826, 832 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956). As the absence of jurisdiction in the sentencing court is set out in § 2255 as a distinct ground for relief, the meaning attributable to the phrases "imposed in violation of the Constitution or laws of

the United States" or "otherwise subject to collateral attack" must have reference to the expansion of habeas corpus jurisdiction foretold by *Moore*, announced in *Waley*, and continued to the present day.

The line of demarcation between a sentence "imposed in violation of the Constitution or laws of the United States" or one which is "otherwise subject to collateral attack" has never been clearly delineated in the cases. In reviewing the adjudicated cases when the court has granted or denied relief, it is seldom clear upon what ground the decision of the court rests. However, a framework for analysis of the differences between a sentence "imposed in violation of the Constitution or laws of the United States" and one "otherwise subject to collateral attack" can be gleaned from the decided cases.

■ Cognizable under the ground of "violation of the Constitution or laws of the United States" are claims of a violation of a specific constitutional guarantee. Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); Kaufman v. United States, 394 U.S. 217, 223, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). The Supreme Court has recently indicated that not only claims of Constitutional violations are cognizable under this ground in § 2255 but also claims of violation of the "laws of the United States" when the claimed error was "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, *supra*, 417 U.S. at 346, 94 S.Ct. at 2305, *quoting* Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).[3]

What then is cognizable under the ground of "otherwise subject to collateral attack?" It was noted in 1961 that the boundaries of that phrase had not been defined, save that "mere error" is not enough. Kyle v. United States, 297 F.2d 507, 511 n. 1 (2d Cir. 1961). This

---

3.  *See* Ellis v. United States, 353 F.2d 402, 405 (8th Cir. 1965):

> [A]nything less than [a matter so inherently prejudicial as to constitute a subversion of fair trial] would ordinarily represent general trial incident, required to be challenged in

the proceedings as error and to be corrected by direct appeal from conviction.
*See also* Glouser v. United States, 296 F.2d 853, 856 (8th Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962).

ground still lacks definition but must have reference to those "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." Hill v. United States, *supra* at 428, 82 S.Ct. at 471, *quoting* Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939). *See* United States v. Lewis, 392 F.2d 440, 443 (4th Cir. 1968), where the court stated that:

> Rare as well as unprecedented conditions—well termed "exceptional circumstances"—we think are embraced in § 2255's words "[otherwise subject to] collateral attack."

It is one thing to note that there must be a "fundamental defect which inherently results in a complete miscarriage of justice" or "exceptional circumstances" before a conviction may be collaterally attacked and another to apply that principle to particular claims. However, in the 26 years which have elapsed since enactment of § 2255 the courts have had occasion to consider what seems like almost every conceivable or inconceivable claim of error in the context of these collateral proceedings. What basically was to be an inquiry into the fairness of the trial has been expanded to litigate collaterally any alleged errors occurring before, during, and after trial. We think review of what is or should be cognizable in a collateral attack, as expressed in federal cases, might prove of interest and possibly save the courts and petitioners time as well as assist in the administration of justice.

To provide a quick reference for the district courts called upon to determine whether a particular matter is cognizable under § 2255 we set forth the following, with the full knowledge that these decisions are not etched in stone. For matters not settled it must be recognized that any decision which allows or refuses collateral attack rests upon a choice between achieving finality and assuring substantial justice in each case. This principle was well expressed by Judge Leventhal in Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822, 825–26 (1966):

> Whether collateral attack is permissible depends on the nature of the constitutional claim, the effectiveness of the direct remedies, and the need for choices among competing considerations in quest of the ultimate goal of achievement of justice. The decision is not predetermined by the absolute availability of judicial power, but reflects the need to fathom and delineate the claims and circumstances that make the exercise of power appropriate. The courts are called on to evolve and provide procedures and remedies that are effective to vindicate constitutional rights. However, where effective procedures are available in the direct proceeding, there is no imperative to provide an additional collateral review, leaving no stone unturned, when exploration of all avenues of justice at the behest of individual petitioners may impair judicial administration of the federal courts, as by making criminal litigation interminable and diverting resources of the federal judiciary.

However, the Supreme Court has made it clear that in making this choice, the principle of finality is not entitled to any great weight. *See* Kaufman v. United States, 394 U.S. 217, 228, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

## I. PARTICULAR GROUNDS NOT COGNIZABLE UNDER § 2255.

▇▇▇ It is firmly established that § 2255 cannot be used as a substitute for a direct appeal from a conviction.[4] Several times this court has quoted with approval the following from Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949):

> Prisoners adjudged guilty of crime should understand that 28 U.S.C.A.

---

4. Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966); Holt v. United States, 303 F.2d 791 (8th Cir.), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963).

§ 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or fact must be raised by timely appeal from the sentence if the petitioner desires to raise them.[5]

A corollary to the previous statement is, of course, that any matter which has been decided adversely to the petitioner upon direct appeal is not cognizable under § 2255.[6]

■■ Thus a matter may not be cognizable upon a § 2255 motion because it is one which could not have denied the substance of a fair trial or because the matter was raised and considered upon direct appeal. Those matters amounting to a denial of a fair trial, if proved, which could not have been raised upon appeal, or which constitute a denial or infringement of a constitutional right if not asserted upon direct appeal, even though they might have been, are generally cognizable under § 2255. *See, e. g.,* Kaufman v. United States, 394 U.S. 217, 230–31, 89 S.Ct. 1068, 22 L.Ed.2d 227

(1969); United States v. Coke, 404 F.2d 836, 847 (2d Cir. 1968); Stirone v. United States, 341 F.2d 253, 257 (3rd Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965).

### A. Pretrial Matters.

■ Claims of illegal arrest,[7] irregularities in arrest,[8] or an improper removal from one district to another[9] have been held not cognizable, as has a delay in bringing the petitioner before a commissioner,[10] or the excessiveness[11] or the denial[12] of bail. The same decision was reached upon claims of a lack of a preliminary hearing,[13] illegal detention prior to arraignment,[14] and irregularities or errors in arraignment.[15] Challenges to the composition of a grand jury[16] or its procedures,[17] the failure to provide a copy of the indictment to the defendant,[18] defects in the indictment,[19] or the sufficiency of the indictment[20] absent a showing of exceptional circumstances, where the questions raised are of large importance, the need for remedy is apparent and the offense charged was one over which the sentencing court

---

5. Quoted in Cardarella v. United States, *supra,* 351 F.2d at 447; Link v. United States, 295 F.2d 259, 260 (8th Cir. 1961).

6. Sykes v. United States, 341 F.2d 104 (8th Cir. 1965); Franano v. United States, 303 F.2d 470 (8th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102 (1962). *See generally* Annot., 10 A.L.R. Fed. 724.

7. Runge v. United States, 427 F.2d 122, 123 (10th Cir. 1970); Cox v. United States, 351 F.2d 280 (8th Cir. 1965).

8. Williams v. United States, 344 F.2d 264, 265 (8th Cir.), cert. denied, 382 U.S. 857, 86 S.Ct. 112, 15 L.Ed.2d 95 (1965); Lewis v. United States, 16 Alaska 341, 235 F.2d 580, 581, cert. denied, 352 U.S. 897, 77 S.Ct. 136, 1 L.Ed.2d 89 (1956).

9. Runge v. United States, 427 F.2d 122 (10th Cir. 1970); *see* Ragavage v. United States, 272 F.2d 196, 197 (5th Cir. 1959), cert. denied, 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149 (1960).

10. Adkins v. United States, 298 F.2d 842, 843 (8th Cir.), cert. denied, 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819 (1962); United States v. French, 274 F.2d 297 (7th Cir. 1960).

11. *See* Davis v. United States, 358 F.2d 360, 362 (8th Cir. 1966).

12. *See* United States v. Wolfson, 340 F.Supp. 968, 971 (D.Del.1972).

13. Austin v. United States, 408 F.2d 808, 810 (9th Cir. 1969); Stephens v. United States, 341 F.2d 100, 101 (10th Cir. 1965).

14. Runge v. United States, 427 F.2d 122, 123 (10th Cir. 1970).

15. *Cf.* Hurst v. United States, 180 F.2d 835, 836 (10th Cir. 1950).

16. Perez v. United States, 303 F.2d 441 (5th Cir. 1962).

17. Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947).

18. Rice v. United States, 420 F.2d 863, 867 (5th Cir. 1969), cert. denied, 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70 (1970).

19. Link v. United States, 352 F.2d 207 (8th Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966).

20. Alley v. United States, 426 F.2d 877, 879 (8th Cir. 1970); Moore v. United States, 337 F.2d 350 (8th Cir. 1964), cert. denied, 379 U.S. 994, 85 S.Ct. 712, 13 L.Ed.2d 614 (1965).

manifestly had no jurisdiction,[21] are not cognizable.

Other assertions which fall into the pretrial area and held not cognizable under § 2255 include defenses such as the bar of the statute of limitations,[22] the double jeopardy clause,[23] improper venue in the trial court,[24] or a preindictment delay.[25]

### B. *Trial Matters.*

Petitioners have found the trial stage to be a fertile ground for claims for relief under § 2255. Claims considered by the courts upon § 2255 motions and held not cognizable are numerous, beginning with such matters as the absence of the judge during peremptory challenges,[26] refusal of a continuance,[27] and the refusal to subpoena witnesses.[28] Claims of prejudicial joinder,[29] prejudicial trial publicity,[30] or the lack of a full, public trial[31] are not cognizable.

The non-disclosure of grand jury minutes[32] and the refusal to turn over statements required by Jencks v. United States,[33] now codified as the Jencks Act,[34] have been determined not properly considered upon a § 2255 motion.

Whether the petitioner was insane at the time of the offense,[35] (if issue of competency was raised and submitted to the trial court), the question of entrapment,[36] and claims regarding the use of informers[37] are not cognizable.

Claimed errors in evidentiary rulings,[38] in instructions to the jury,[39] or because

---

**21.** Taylor v. United States, 332 F.2d 918, 919–920 (8th Cir. 1964); Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951).

**22.** United States v. Taylor, 207 F.2d 437, 438 (2nd Cir. 1953). *But cf.* Askins v. United States, 102 U.S.App.D.C. 198, 251 F.2d 909, 912 (1958).

**23.** Armstrong v. United States, 367 F.2d 821 (7th Cir. 1966). *But see* Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873). *But cf.* United States v. Jackson, 344 F.2d 158 (3rd Cir. 1965).

**24.** Gourneau v. United States, 390 F.2d 320, 321 (8th Cir. 1968); Marcella v. United States, 344 F.2d 876, 882 (9th Cir. 1965), cert. denied, 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966); Lightfoot v. United States, 327 F.2d 207 (10th Cir. 1964); *see* Walker v. United States, 218 F.2d 80 (7th Cir. 1955). *Contra,* Domer v. Smith, 422 F.2d 831 (7th Cir. 1969).

**25.** Chapman v. United States, 376 F.2d 705, 707 (2d Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967); *cf* United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966).

**26.** Stirone v. United States, 341 F.2d 253 (3d Cir. 1965).

**27.** *See* Weinreich v. United States, 414 F.2d 279 (9th Cir. 1969), cert. denied, 397 U.S. 996, 90 S.Ct. 1135, 25 L.Ed.2d 403 (1970).

**28.** United States v. Shields, 291 F.2d 798, 799 (6th Cir.), cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196 (1961).

**29.** Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966).

**30.** Wingo v. United States, 244 F.2d 800 (6th Cir. 1957).

**31.** United States v. Geise, 17 Alaska 461, 158 F.Supp. 821, aff'd 262 F.2d 151 (9th Cir. 1958), cert. denied, 361 U.S. 842, 80 S.Ct. 94, 4 L.Ed.2d 80 (1959).

**32.** Guido v. United States, 400 F.2d 73 (7th Cir. 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 997, 22 L.Ed.2d 125 (1969).

**33.** 353 U.S. 657 (1957); *see* Black v. United States, 269 F.2d 38 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960); United States v. Angelet, 255 F.2d 383 (2d Cir. 1958).

**34.** 18 U.S.C. § 3500; *cf.* United States v. Angelet, 255 F.2d 383, 385 (2d Cir. 1958).

**35.** Bradley v. United States, 347 F.2d 121, 123 (8th Cir. 1965), cert. denied, 382 U.S. 1016, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966); Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965).

**36.** Turner v. United States, 262 F.2d 643 (8th Cir. 1959).

**37.** Ruiz v. United States, 328 F.2d 56 (9th Cir. 1964).

**38.** Glouser v. United States, 296 F.2d 853, 856 (8th Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962); *see* Cauley v. United States, 294 F.2d 318 (9th Cir. 1961); Barber v. United States, 197 F.2d 815 (10th Cir.), cert. denied, 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665 (1952). Note: Evidentiary rulings on search and seizure issues would now be cognizable with certain limitations under Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

**39.** Feeney v. United States, 392 F.2d 541, 543 (1st Cir. 1968); Cambiano v. United States, 295 F.2d 13, 14 (9th Cir. 1961), cert. denied, 368 U.S. 999, 82 S.Ct. 626, 7 L.Ed.2d 537 (1962).

of alleged prejudicial statements by the trial judge[40] or prosecutor[41] do not state a claim for relief under § 2255.

The sufficiency of the evidence[42] or the acquittal of a codefendant[43] are not grounds for relief under § 2255, nor is a claim of petitioner's absence from a portion of the proceedings,[44] improper communications between a bailiff and the jury[45] and most claims of ineffective assistance of counsel. However, lack of effective assistance of counsel also raises a constitutional issue cognizable in a collateral proceeding, but substantial proof of incompetency of counsel is required for relief.[46]

The question of petitioner's actual guilt upon an acceptable guilty plea is not cognizable[47] and an acceptable guilty plea waives all nonjurisdictional defects in the proceedings.[48]

## C. *Post-Trial Matters.*

Claims of error arising from post-trial events have not been as prevalent as the previously noted claims. The denial of allocution to petitioner at time of sentencing is not a ground for relief under § 2255[49] unless accompanied by aggravating circumstances.[50] The assertion that a severer sentence than expected was received after a guilty plea presents no claim for relief,[51] nor does a claim of an excessive sentence when the sentence imposed is within the statutory maximum.[52] An attack upon the execution or time of serving a sentence rather than upon its legality,[53] or the mistaken advice of counsel as to eligibility for parole,[54] does not afford grounds for relief. Further, a petitioner finally convicted is not entitled to rely upon a change in the law as a ground for relief in a § 2255 motion.[55]

**40.** Vandergrift v. United States, 313 F.2d 93, 95 (9th Cir. 1963); Smith v. United States, 265 F.2d 14 (5th Cir.), cert. denied, 360 U.S. 910, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959).

**41.** Holt v. United States, 303 F.2d 791, 793 (8th Cir.), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963).

**42.** Weaver v. United States, 418 F.2d 475, 476 (8th Cir. 1969); Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966).

**43.** Cardarella v. United States, *supra.*

**44.** Glouser v. United States, 296 F.2d 853, 855–856 (8th Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962); Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962), cert. denied, 373 U.S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417 (1963). *But cf.* Jones v. United States, 299 F.2d 661 (10th Cir.), cert. denied, 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed.2d 101 (1962).

**45.** Zachary v. United States, 275 F.2d 793, 796 (6th Cir.), cert. denied, 364 U.S. 816, 81 S.Ct. 46, 5 L.Ed.2d 47 (1960).

**46.** Johnson v. United States, 506 F.2d 640 (8th Cir. 1974); Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113, 116–117 (1967) [must show both gross incompetence of counsel and deprivation of a substantial defense].

**47.** Moore v. United States, 425 F.2d 1290, 1291 (5th Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 91, 27 L.Ed.2d 83 (1970).

**48.** *Id.*; Lipscomb v. United States, 226 F.2d 812, 815 (8th Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843 (1956).

**49.** Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

**50.** Green v. United States, 313 F.2d 6, 9–10 (1st Cir.), cert. dismissed, 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963); United States v. Taylor, 303 F.2d 165, 167–168 (4th Cir. 1962).

**51.** Sweeden v. United States, 209 F.2d 524 (8th Cir. 1954).

**52.** Lipscomb v. United States, 226 F.2d 812, 816 (8th Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843 (1956).

**53.** Lee v. United States, 501 F.2d 494 (8th Cir. 1974); Tanner v. Moseley, 441 F.2d 122 (8th Cir. 1971).

**54.** Ellis v. United States, 353 F.2d 402 (8th Cir. 1965).

**55.** Heinecke v. United States, 115 U.S.App. D.C. 34, 316 F.2d 685, 687, cert. denied, 375 U.S. 846, 84 S.Ct. 101, 11 L.Ed.2d 74 (1963); Gaitan v. United States, 295 F.2d 277 (10th Cir. 1961), cert. denied, 369 U.S. 857, 82 S.Ct. 939, 8 L.Ed.2d 15 (1962); cf. Smith v. United States, 431 F.2d 1, 3–4 (8th Cir. 1970), cert. denied, 402 U.S. 915, 91 S.Ct. 1396, 28 L.Ed.2d 658 (1971); United States v. Sobell, 314 F.2d 314, 324–25 (2d Cir.), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963). However, a petitioner may present

## II. PARTICULAR GROUNDS COGNIZABLE UNDER § 2255.

Although the foregoing discussion may indicate a hesitance to disturb the finality of a conviction, the courts do consider collateral attacks when the allegations, if proved, would be a denial or infringement of a constitutional right or a defect seriously affecting the fairness of the trial. Thus claims that the court lacked jurisdiction,[56] that the statute under which the conviction was obtained was unconstitutional,[57] and that the indictment is not merely defective but affirmatively shows on its face that no federal offense was committed,[58] are cognizable. Prejudicial pretrial publicity may warrant relief.[59]

Denial of the right to speedy trial may be recognized as a ground for relief under § 2255,[60] as may the refusal to suppress evidence obtained in violation of the Fourth Amendment.[61]

Trial events may be considered under § 2255. An involuntary guilty plea[62] may be challenged, as may the issue of mental competency at time of trial (not commission of the offense) or plea of guilty,[63] even though not asserted at the proper time[64] or if the resolution was inadequate.[65] Claims of incapacity due to drug use[66] or a language barrier to understanding the proceedings[67] may be considered.

A denial of counsel,[68] an unintelligent waiver of counsel,[69] or the failure of counsel to take an appeal[70] may be raised by § 2255 motion. Consecutive sentences for the same transaction may be challenged.[71]

Claims of a coerced confession,[72] suppression of helpful evidence by the pros-

circumstances showing that his conviction under a prior interpretation of the law represents a complete miscarriage of justice which would justify collateral relief. Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

**56.** United States v. Allocco, 305 F.2d 704, 708 (2d Cir. 1962), cert. denied, 371 U.S. 964, 83 S.Ct. 545, 9 L.Ed.2d 511 (1963); United States v. Rider, 282 F.2d 476, 478 (9th Cir. 1960).

**57.** *See* Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Wright v. Looney, 212 F.2d 186 (10th Cir. 1954).

**58.** Hilderbrand v. United States, 261 F.2d 354, 357 (9th Cir. 1958); Martyn v. United States, 176 F.2d 609, 610 (8th Cir. 1949).

**59.** *See* Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *cf.* Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963).

**60.** Waugaman v. United States, 331 F.2d 189, 191 (5th Cir. 1964); *cf.* Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Contra,* United States v. Shields, 291 F.2d 798, 799 (6th Cir.), cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196 (1961); United States v. Robinson, 143 F.Supp. 286, 292 (W.D.Ky.1956). *But cf.* Johnson v. United States, 333 F.2d 371 (10th Cir. 1964).

**61.** Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

**62.** Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Bartlett v. United States, 354 F.2d 745, 751 (8th Cir.), cert. denied, 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966).

**63.** Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 584–585 (1955), vacated and remanded for hearing on issue of competency at time of trial, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); Wheeler v. United States, 340 F.2d 119 (8th Cir. 1965).

**64.** Taylor v. United States, 282 F.2d 16, 23 (8th Cir. 1960).

**65.** Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); Krupnick v. United States, 264 F.2d 213, 218 (8th Cir. 1959). *But cf.* United States v. O'Connor, 298 F.2d 62 (6th Cir. 1962).

**66.** Sanders v. United States, 373 U.S. 1, 19–20, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Catalano v. United States, 298 F.2d 616 (2d Cir. 1962).

**67.** Atilus v. United States, 378 F.2d 52 (5th Cir. 1967).

**68.** Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. Zerbst, 304 U.S. 458, 467–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Reed v. United States, 354 F.2d 227, 229 (5th Cir. 1965).

**69.** Starks v. United States, 264 F.2d 797, 799 (4th Cir. 1959).

**70.** Kent v. United States, 423 F.2d 1050 (5th Cir. 1970). *But see* Dennis v. United States, 177 F.2d 195 (4th Cir. 1949) [mere showing of neglect not enough].

**71.** Mathis v. United States, 200 F.2d 697 (6th Cir. 1952).

**72.** *See* Proctor v. Anderson, 124 U.S.App.D.C. 103, 361 F.2d 557 (1966).

ecutor,[73] the Government's knowing use of perjured testimony,[74] or the falsification of a transcript by a prosecutor[75] may be considered upon a § 2255 motion.

■ We turn now to petitioners' claims in the present case. The District Court determined that a challenge to arrest and seizure of evidence used at trial would not lie under § 2255 as a pretrial hearing was held and all relevant circumstances were known to the petitioners at the time of trial. This determination was correct. The proper remedy was a direct appeal from the conviction. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), does not require a § 2255 hearing in the circumstances aforementioned.

■ Petitioners claim a denial of their right to confrontation in that testimony of Fred Richardson, a Government informant, was used against them. This assertion is' without foundation. The record of the criminal proceeding reveals that Richardson did not testify at either the suppression hearing or the trial. Collateral to this issue is the claim that the court should have granted a continuance to allow petitioners' counsel to interview the informant since he was not used by the Government at trial. As we have noted, the failure to grant a continuance is not properly a matter considered upon a § 2255 motion. *See* note 27, *supra*. This assertion is revealed without merit in the present case by the record of the pretrial hearing wherein petitioners' counsel was informed of the location of the informant. During the month between the pretrial hearing and trial no attempt was made to interview the informant and no subpoena was issued for his attendance at trial. Relief on this claim was properly denied.

■ Petitioners' last assertion, that a mentally ill person was allowed to give testimony against them, is also without merit. This claim is based on the allegation that Richardson, the informant, had spent time at the Medical Center for Federal Prisoners in Springfield, Missouri. First, as we have noted, Richardson did not testify. In addition, he was sent to the Medical Center pursuant to 18 U.S.C. § 4208(b) for a mental examination, the result of which showed Richardson competent. This claim was also properly denied.

The judgment of the District Court is affirmed.

---

**73.** Brady v. Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Levin v. Katzenbach, 124 U.S.App.D.C. 158, 363 F.2d 287, 290 (1966).

**74.** Holt v. United States, 303· F.2d 791 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); Taylor v. United States, 229 F.2d 826 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956) [burden is on defendant to establish knowledge at the time of use].

**75.** United States v. McDowell, 305 F.2d 12, 14 (6th Cir.), cert. denied, 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962).