**C. L. RICHARDSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 77–690C(3).

United States District Court, E. D. Missouri, E. D.

July 27, 1977.

C. L. Richardson, pro se.

Barry A. Short, U. S. Atty., David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon petitioner's motion for post conviction relief. The motion will be treated as one under 28 U.S.C. § 2255.

On December 4, 1975 petitioner pleaded guilty to one count of a four count indictment charging a violation of 21 U.S.C. § 846. He was sentenced to a term of twelve (12) years imprisonment to be followed by an eight (8) year special parole term.

Petitioner's motion presents two claims for relief.[1] The first is that the evidence would not have supported a conviction. This claim is not cognizable in a § 2255 proceeding. *Houser v. United States,* 508 F.2d 509, 516 (8th Cir. 1974). The second claim is that the government breached its plea bargain with petitioner.

The plea bargain, as alleged by petitioner, provided:

(1) petitioner's wife would not be prosecuted and her property would not be forfeited;

(2) petitioner would receive a six to seven year sentence; and

(3) petitioner's attorney would return one-half of the fee paid to him by petitioner.

As to the first condition, petitioner has not alleged that it was broken. As to the second alleged condition, the transcript of petitioner's guilty plea indicates that petitioner knew that no agreement about sentencing had been reached. He is precluded now from raising such a claim. The last alleged condition of the plea bargain involves a fee arrangement between petitioner and his attorney. The government has furnished the Court with an affidavit from petitioner's attorney denying the allegations.

However, even had such a promise been made it would have only been ancillary to the plea bargain, which by definition is between the government and the defendant. This alleged agreement did not involve the government in any manner and cannot serve as a basis for setting aside petitioner's guilty plea. Accordingly, petitioner's motion is without merit and this action will be dismissed.

---

1. In his reply to the government's brief petitioner raises a claim of ineffective assistance of counsel. The facts alleged do not state a claim cognizable under 28 U.S.C. § 2255. *Houser v. United States,* 508 F.2d 509 (8th Cir. 1974).