Harry P. HUTUL, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 78–1015, 76–1197.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1977 in No. 76–1197 and Resubmitted in No. 78–1015 on Feb. 8, 1978.

Decided Aug. 28, 1978.

William J. Harte, Chicago, Ill., for plaintiff-appellant.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before SPRECHER and TONE, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM:

*The Appeal:*

Petitioner-appellant Harry P. Hutul (Hutul) appeals the order of the District Court granting the Government's motion to dismiss Hutul's petition and cause for relief under 28 U.S.C. § 2255 without a hearing. The District Court's order was entered on January 19, 1976 "for failure to state a claim upon which relief can be granted," without further explanation.**

We note jurisdiction under 28 U.S.C. § 1291, and affirm.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

** On August 25, 1977, we dismissed the appeal for want of a final judgment. Thereafter the District Court entered a final judgment and

Hutul filed a new notice of appeal and that appeal was redocketed in this Court as No. 78–1015. On February 8, 1978, we ordered the matter submitted for disposition upon the record made in No. 76–1197 and the new appeal No. 78–1015.

*The Facts:*

Hutul is a former member of the Illinois Bar who during 1959 represented several individuals in claims for personal injury and lost wages filed as the result of six automobile accidents. Later it was alleged in state and federal prosecutions that these claims were part of a scheme to defraud various insurance companies. Hutul was first charged by the Cook County, Illinois, grand jury with the crimes of obtaining money under false pretenses, operating a confidence game and conspiracy to defraud, in violation of Illinois law. He was acquitted by a jury on July 3, 1962. Subsequently, Hutul and several other individuals were charged by a federal grand jury in the Northern District of Illinois with conspiracy to defraud insurance companies, 18 U.S.C. § 371, and with 16 substantive offenses of mail fraud as part of a scheme to defraud the same insurance companies, 18 U.S.C. § 1341. A jury found Hutul guilty of the conspiracy and nine of the substantive counts.

The evidence and testimony were essentially the same in both the state and federal trials, although additional witnesses were called in the federal trial to offer evidence on essential elements of the alleged federal crimes.[1]

Hutul's judgment of conviction and sentence to custody for five years was affirmed by this Court in *United States v. Hutul,* 416 F.2d 607 (7th Cir. 1969), *cert. denied,* 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970).[2]

1.  We do not burden this opinion with a detailed account of the evidence which was thoroughly discussed by this Court in *United States v. Hutul,* 416 F.2d 607 (7th Cir. 1969), *cert. denied,* 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970).

2.  Hutul urged on appeal that because he had been acquitted after the prior state prosecution, principles of res judicata and collateral estoppel barred the subsequent federal prosecution on the same facts. This Court rejected the argument stating, *inter alia,* that because the Federal government was neither a party to the prior prosecution nor in privity with the State of Illinois, the principles of res judicata and collateral estoppel "do not provide a substitute

Hutul was in custody until his parole on June 14, 1972, and was discharged on April 15, 1975. The instant § 2255 petition was filed while Hutul was in custody, and the District Court retained jurisdiction following Hutul's release. *Melian v. United States,* 515 F.2d 73, 76 (7th Cir. 1975).

*Issues on Review:*

1.  Whether the issue of double jeopardy is properly raised in Hutul's § 2255 petition.

2.  Whether Hutul was twice placed in jeopardy for the same offense in violation of the Fifth Amendment when he was prosecuted in federal court after a prior acquittal in state court.

3.  Whether the trial court's mid-trial instruction to the jury that all of the evidence was admitted against each of the defendants was tantamount to a directed verdict of guilty and deprived Hutul of his Sixth Amendment right to trial by jury.

4.  Whether the trial court erroneously prohibited introduction of statements impeaching two government witnesses and thereby deprived Hutul of his constitutional right to present a defense.

5.  Whether Hutul was denied his Sixth Amendment right to confront the witnesses against him when the Court admitted certain exhibits prepared by persons who did not testify and could not be cross-examined.

*Discussion:*

*Issue 1:*

■ *Davis v. United States,* 417 U.S. 333, 342–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974),

for a defense of double jeopardy." (416 F.2d at 626). Although Hutul had asserted his reliance in the double jeopardy clause in his reply brief, this Court noted:

"Defendant Hutul does not claim that his Fifth Amendment right against double jeopardy was abridged. Indeed, it is well established that a federal government is not barred by the double jeopardy clause from prosecuting a person for the same acts for which he was previously acquitted in a state court. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959)." 416 F.2d at 626 n.35.

teaches that not only claims of constitutional violations but also claims of violations of the "laws of the United States" are cognizable in § 2255 proceedings when the claimed errors were fundamental defects which inherently result in a complete miscarriage of justice.[3]

We cannot say with certainty that this Court in *Hutul* definitively adjudicated Hutul's claim of double jeopardy as distinguished from the issue of res judicata and collateral estoppel. Further, we cannot say from the record that Hutul deliberately bypassed the route of appeal on the double jeopardy issue. Finally, due to the tenor of the District Court's order granting the Government's motion to dismiss, we cannot say that the District Court adjudicated the double jeopardy claim as opposed to the non-cognizability of that issue in a § 2255 proceeding.

Therefore, in order to definitively adjudicate the double jeopardy claim, we assume, without deciding, that the double jeopardy claim is cognizable under the instant § 2255 petition.

*Issue 2:*

██ Hutul candidly acknowledges that his claim of double jeopardy arising from the federal prosecution is foreclosed under the rationale of *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), and *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). However, he attacks the present validity of the holdings in those cases with two thrusts. First, he argues that as the result of more recent decisions, "the rule of *Bartkus* [and *Abbate* ] is so enfeebled as to lack all binding force." *State v. Fletcher,* 22 Ohio App.2d 83, 259 N.E.2d 146, 152 (1970). Secondly, he argues these cases are distinguishable in that *Abbate* involved a prior state court conviction followed by a federal prosecution for the same offense, and *Bartkus* involved a prior federal acquittal followed by a state

conviction, but neither, as in the instant case, involved a state court acquittal followed by a federal prosecution and conviction.

We conclude this second premise to be untenable. The fact that neither *Bartkus* nor *Abbate* involved a state court acquittal followed by a federal prosecution and conviction, as in Hutul's situation, is a difference without legal significance. *United States v. Johnson,* 516 F.2d 209, 212 (8th Cir. 1975), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975).

In support of his first premise, Hutul also cites: *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Murphy v. Waterfront Commission,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); and *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). The same premise based upon the same authorities was laid to and rejected by the Courts of Appeal for the Sixth and Eighth Circuits in *Martin v. Rose,* 481 F.2d 658 (6th Cir. 1973), *cert. denied,* 414 U.S. 876, 94 S.Ct. 86, 38 L.Ed.2d 121 (1973); and *Johnson,* respectively.

After the District Court considered the cause, Hutul's first premise received the fatal blow from *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). Wheeler discusses *Bartkus* and *Abbate* at length, clearly regarding them as still correctly stating the law, and unequivocally reaffirms the dual sovereignty doctrine which prevents the imposition of the double jeopardy bar.

We conclude that under the teachings of *Wheeler,* Hutul's contention of double jeopardy must be rejected.

*Issue 3:*

██ We have perused the record and conclude that the admission of the evidence as

---

**3.** The Court of Appeals in *Houser v. United States,* 508 F.2d 509 (8th Cir. 1974), contains a full discussion of what is and what is not cognizable in a § 2255 proceeding in light of *Davis.*

*Also see* Justice (Circuit Judge) Stevens' concurring opinion in *Bachner v. United States,* 517 F.2d 589, 597–99 (7th Cir. 1975).

to all defendants, as well as the District Court's challenged jury instructions, was free from error. *United States v. Allegretti,* 340 F.2d 254, 256 (7th Cir. 1964), *cert. denied,* 381 U.S. 911, 85 S.Ct. 1531, 14 L.Ed.2d 433 (1965); and *Hutul.*

*Issues 4 and 5:*

We conclude each of these claims to be without merit. *See Hutul,* 416 F.2d at 623–24; *United States v. Neff,* 525 F.2d 361, 364 (8th Cir. 1975); *Houser v. United States,* 508 F.2d 509, 515 and n.38; *Hutul,* 416 F.2d at 620 n.30; and *United States v. Isaacs,* 493 F.2d 1124, 1161 (7th Cir. 1974), cert. denied, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974).

The District Court's order granting the Government's motion to dismiss Hutul's § 2255 petition and cause is affirmed.

AFFIRMED.