Charles A. ARMSTRONG, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15436.

United States Court of Appeals Seventh Circuit.

Oct. 21, 1966.

Raymond J. Smith, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Lawrence Jay Weiner, Lawrence J. Cohen, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

PER CURIAM.

A motion to vacate sentence under Title 28, U.S.C.A. sec. 2255, was denied and petitioner appealed.

Petitioner's present claim is that his conviction came about in violation of the second jeopardy provision of the Fifth Amendment. The trial at which he was found guilty followed a trial which ended in mistrial.

The first jury was sworn and opening statements made November 22, 1963. The case was continued to November 25. On November 26, court and counsel speculated on the effect the assassination of the President, November 22, might have on the attitude of the jury, and discussed the propriety of a mistrial. Petitioner's counsel moved for a mistrial, and the court so ordered. Petitioner, though present, was not asked for his views, and did not volunteer.

The claim of double jeopardy was not raised at or before the second trial, nor on direct appeal. 339 F.2d 1015 (7th Cir. 1964), cert. denied. 381 U.S. 905, 85 S. Ct. 1452, 14 L.Ed.2d 287 (1965).

We readily conclude that (1) because the claim of second jeopardy rests upon the proposition that the mistrial was improperly ordered, petitioner was bound to make his claim before the second trial, and on direct appeal, and cannot assert it on collateral attack; (2) the motion for mistrial, made by his counsel, was a matter of trial procedure ordinarily entrusted to counsel, and petitioner is bound by his counsel's choice in the absence of express objection; and (3) even if petitioner had objected, it could not be said, in view of the tragic

circumstances of the time, that the court went beyond the proper area of discretion in concluding that declaration of a mistrial was necessary to secure the ends of justice.

The order denying the motion is Affirmed.