**Guy Hamilton JONES, Sr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–1086.**

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1978.

Decided Aug. 4, 1978.

---

Guy Hamilton Jones, Sr., in pro. per., submitted brief.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before GIBSON, Chief Judge, VOGEL, Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Guy Hamilton Jones, Sr., appeals from the dismissal of his motion for post-conviction relief under 28 U.S.C. § 2255 (1970). We affirm.

An indictment was filed against Jones on February 10, 1972, charging him with tax evasion. His trial began on July 10, 1972. During the course of the trial, the trial court and various federal officials, including members of the United States Attorney's office, were apprised that an attempt had been made to contact a juror on Jones' behalf. Acting on this information, two Assistant United States Attorneys consulted with the Department of Justice and the Intelligence Division of the IRS. The Attorney General approved the use of electronic monitoring and recording devices to gain information and evidence regarding possible obstruction of justice. The surveillance was consented to by the juror who had been the subject of the contact, and began immediately.

On July 18, 1972, the trial court informed the parties of the attempted contact with the juror. Later that same day, at a conference in chambers, the United States Attorney revealed the existence of the electronic surveillance consented to by the juror. Upon hearing this information, the trial court declared a mistrial.

A second trial began on November 27, 1972. On December 4, 1972, Jones filed a motion to dismiss on the ground of double jeopardy, asserting that the mistrial had been improper. The motion to dismiss was denied, and the trial resulted in Jones' conviction. Jones was fined $5,000.00, sentence of imprisonment was suspended, and Jones was placed on probation. Jones paid the fine; he did not appeal the conviction.

Jones subsequently brought a civil action for damages against the United States and against the federal employees and officials involved in the surveillance activity. The district court dismissed the action and we affirmed in *Jones v. United States*, 536 F.2d 269 (8th Cir. 1976), *cert. denied*, 429 U.S.

1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977). We held that the defendant federal employees and officials were shielded from the action under the doctrine of qualified immunity, stating:

In addition we find that a remand for further factual development of the record is unnecessary here. Unlike the *Scheuer* and *Apton* cases, the extensive and uncontroverted affidavits submitted by the federal defendants to the district court in connection with their motion for dismissal or a summary judgment amply demonstrate requisite knowledge and good faith belief that they were acting lawfully to support a finding of qualified immunity. *See Scheuer v. Rhodes, supra,* 416 U.S. [232] at 249, 94 S.Ct. 1683, 40 L.Ed.2d 90; *Apton v. Wilson, supra,* [165 U.S.App.D.C. 22, at 33–34,] 506 F.2d [83] at 94–95. Those affidavits reveal that the federal officials involved had reliable information that a contact with a juror had been attempted. In response to that information, the officials instigated an investigation in the belief that since a mistrial was mandated by the very fact of that attempt, no additional prejudice could accrue to the defendant by pursuing such investigation. Appellees acted within the scope of their authority with good faith and a reasonable belief that their conduct was lawful. Thus, they are entitled to the protection of the qualified immunity doctrine. [Footnote omitted.]

536 F.2d at 271–72.

On March 23, 1976, Jones filed the present motion under § 2255. This motion asserted two grounds for relief:

(a) The first trial of defendant in this case resulted in a mistrial on a motion of the trial judge sua sponte on July 18, 1972, and said mistrial was due to conspiratorial, secret and concealed prosecutorial overreachings, excesses and wrongful acts, resulting in a denial to defendant of a speedy and public trial and thereby being in violation of Amendment 6 to the United States Constitution;

(b) The second trial of defendant was prohibited by the provision of Amendment 5 to the Constitution of the United States against double jeopardy.

The district court denied the motion without an evidentiary hearing and Jones has appealed.

■ Jones, who is an attorney, raised his double jeopardy claim seven days after the second trial had begun. He chose not to appeal the trial court's adverse ruling on the claim. In *Kaufman v. United States,* 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 1074, 22 L.Ed.2d 227 (1969), the Supreme Court noted:

Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing. * * *

Furthermore, the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal—e. g., *motion to suppress* under Fed.Rule Crim. Proc. 41(e) or appeal under Fed.Rule App. Proc. 4(b). *Fay v. Noia, supra,* [372 U.S. 391,] n. 3, at 438, [83 S.Ct. 822, at 848], 9 L.Ed.2d 837 at 868; *Henry v. Mississippi, supra,* [379 U.S. 443,] n. 3, at 451–452, [85 S.Ct. 564 at 569, 570] 13 L.Ed.2d 408 at 414, 415.

Jones has provided no explanation as to why he did not pursue the appeal procedure. There is nothing in his motion or the record that would indicate that the trial court did not consider all the evidence material to his claim. He has not advanced any newly discovered evidence of substance.[1] Under these circumstances, the district court properly refused to entertain Jones' double jeopardy claim in the § 2255 proceeding. *See Houser v. United States,*

---

1. Jones attached to his § 2255 motion a number of affidavits containing testimony of the federal officers and employees involved in the jury tampering investigation. These affidavits describe the conduct of that investigation. They add nothing of substance to the report of the investigation that was developed for the record during the in-chambers conference preceding the *sua sponte* declaration of mistrial.

508 F.2d 509, 515 (8th Cir. 1974); *Armstrong v. United States*, 367 F.2d 821 (7th Cir. 1966); *Boisen v. United States*, 181 F.Supp. 349 (S.D.N.Y.1960).

We turn to Jones' speedy trial claim. In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the Supreme Court set out four factors that are to be assessed to determine whether a defendant has been deprived of his right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." The record and the briefs, examined in light of these standards, show that the declaration of the mistrial and the timing of the second trial did not violate Jones' Sixth Amendment Rights.

At no time during the criminal proceedings did Jones assert his right to a speedy trial. Jones has claimed no specific prejudice to his ability to defend himself. He has alleged nothing of substance that would indicate that the government acted in an attempt to delay his trial. Finally, the length of time between the first and second trials, less than five months, was not substantial.

Accordingly, the dismissal of Jones' § 2255 motion is affirmed.